USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/24/2023_

IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF N

DR. ALAN SACERDOTE, et al.,

        Plaintiffs,

v.

CAMMACK LARHETTE ADVISORS, LLC,

        Defendant.

No. 17 Civ. 8834 (AT)

PROTECTIVE ORDER

ANALISA TORRES, District Judge:

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

    ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect

a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. The person producing any Discovery Material may designate as "Highly Confidential" any Discovery Material or portion of Discovery Material that contains a Social Security number or bank account number.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility.  Deposition testimony may be designated as Confidential or Highly Confidential either on the record during the deposition or within 5 days of receipt of the transcript.

5. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential or Highly Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential or Highly Confidential under this Order.  In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two (2) business days of providing such notice.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential or Highly Confidential by the producing person to any other person, except:
   a. the parties to this action;
   b. counsel retained specifically for this action, including any paralegal, clerical, and other assistants employed by such counsel and assigned to this matter;
   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.    any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    f.    stenographers engaged to transcribe depositions conducted in this action;

    g.    independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

    h.    any other person whom the producing person, or other person designating the Discovery Material confidential agrees in writing may have access to such Discovery Material; and,

    i.    the Court and its support personnel.

7. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order.  Counsel shall retain each signed Non-Disclosure Agreement.

8. All Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and by Section IV. A. of the Court's Individual Practices.  Any party publicly filing any pleading, motion, or other paper with the Court that contains any Highly Confidential Discovery Material must redact the Social

Security number or bank account number contained therein. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

9. In the event any pleading, motion, or other paper containing a Social Security number or bank account number is filed in unredacted form under seal is to be unsealed—either by motion or sua sponte by the Court or the clerk—the filing party shall immediately notify the producing party, and the producing party shall have ten (10) days from the receipt of notice to file an objection to the unsealing of the materials.

10. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

11. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned, sequestered or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return, sequester, or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned, sequestered, or destroyed.  A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently Disclosed Information.

17. This Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," or "Highly Confidential" including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.  However, in order to maintain a minimum file of record, counsel for the parties may retain a complete copy set of all court filings, deposition transcripts, and deposition exhibits.

18. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19. This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

SO ORDERED.

Dated: July 24, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge