**Schlichter Bogard**

100 South 4th Street, Suite 1200
St. Louis, MO 63102

314.884.7703
1.800.873.5297

Joel Rohlf

jrohlf@uselaws.com

February 14, 2024

**Via ECF**
Hon. Valerie Figueredo
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Sacerdote, et al. v. Cammack Larhette Advisors, LLC, et al.* No. 1:17-cv-08834 (SDNY)
Response to Defendants' February 8, 2024 Letter

Dear Judge Figueredo,

Plaintiffs dispute the accuracy and completeness of the quotations and summary of the meeting of counsel that Cammack includes in its letter, apart from the fact that the parties met and conferred on February 8. Rather than burden the Court with our own details of the conference, Plaintiffs will just address why Cammack's objections are unfounded.

On February 5, 2024, the parties engaged in mediation. On February 6, Plaintiffs issued a notice of deposition under Rule 30(b)(6) to occur on February 16. This notice includes eight topics for examination. *See* Exhibit A at 2–3. These narrow topics all relate to Cammack's current ability to satisfy a judgment in this case and request information that is required to be maintained in its records by law. Plaintiffs have current cause to doubt that ability because they were informed on February 5 that Cammack has no ability to satisfy a judgment beyond its insurance policy. Cammack has disclosed during discovery that it has $5,000,000 in insurance coverage, which is being reduced by Cammack's attorney fees. Cammack has refused to inform Plaintiffs of what the current balance is on that policy. Plaintiffs contend that Cammack's liability in this case exceeds $10 million.

Cammack is a limited liability company organized under Massachusetts law. ECF No. 105 ¶37; ECF No. 212 ¶37. Plaintiffs discovered that a "Cammack Larhette Advisors, LLC" (Identification Number 204668732) filed a certificate of cancellation on October 12, 2021. *See* Exhibit 1, attached. A certificate of cancellation is filed upon the dissolution and winding up of an LLC. Mass. Gen. Laws Ch. 156C, §14, §45. *See* Exhibit 2, attached. Upon winding up and filing a certificate of cancellation, the LLC may continue its existence as necessary to defend suits and make provision for its liabilities. *Id.* §45. An LLC that has dissolved must make reasonable provision to pay all claims and obligations known to the LLC. *Id.* §46(b).

Topics 3 through 8 address the status of Cammack's apparent dissolution and fulfillment *vel non* of its statutory obligation to make provision for the satisfaction of a judgment in this case. This information is readily available to Cammack, given its statutory duties.

# Schlichter Bogard

Another LLC with the exact same name — "Cammack Larhette Advisors, LLC" — but a different Identification Number (001613783) was organized under Massachusetts law on October 20, 2022. *See* Exhibit 3, attached.

Topics 1 through 2 seek clarification of which of these LLC registrations refers to the Cammack Larhette Advisors, LLC that is the defendant in this action. This information is readily available to Cammack. In fact, Cammack could have easily provided Plaintiffs this information during the conference. It did not.

Cammack also could have provided Plaintiffs the information requested in Topics 3 through 8 or other assurance of its compliance with Massachusetts law in making reasonable provision for its potential liability in this case. But it has not. Cammack does not provide in its letter to the Court any assurance of Cammack's ability to satisfy a judgment in this case beyond its wasting insurance policy.

As Cammack points out, a company called "Captrust Financial Advisors" posted on its website in 2021 that "Cammack Retirement Group," the name under which Cammack Larhette Advisors, LLC does business, "has joined the firm" with "$154 billion assets under advisement." Ex. B at 1. Cammack represents to the Court that this post states that "CAPTRUST acquired the assets of Cammack Retirement Group." ECF No. 270 at 1. Your honor will see that Exhibit B says nothing of the kind. The Exhibit also does not indicate that Cammack has dissolved or sold its assets to Captrust.

Through recently conducted research, Plaintiffs have reason to believe CapFinancial Group, LLC purchased the assets of Cammack. CapFinancial Group, LLC is a holding company of a number of other companies. To discover that information is the purpose of Topic 6. If the assets were purchased, then the proceeds should have been reserved (and not distributed to members or other creditors) to provide for Cammack's potential liability in this case. Mass. Gen. Laws Ch. 156C, §46(b).

The deposition notice therefore is proper because it seeks relevant information. Fed. R. Civ. P. 26(b)(1). Cammack does not contend otherwise.

Plaintiffs gave Cammack reasonable notice of the deposition — 10 days — considering the very limited topics. *F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) (finding 4 days' notice reasonable); *Fu v. Consol. Edison Co. of N.Y.*, No. 16-cv-4017 (RA)(HBP) 2018 U.S. Dist. LEXIS 156463, at *11–12 (S.D.N.Y. Sep. 13, 2018) (citing cases); *Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001) (eight days' notice is reasonable) (cited by Cammack). Cammack has not identified any prejudice it suffered from 10 days' notice. While Cammack's attorney states that he is not available on February 16, he has not provided other dates on which he *is* available, despite Plaintiffs' offer to take the deposition on another day. Cammack is not

**Schlichter Bogard**

seeking to schedule or postpone the deposition to a more convenient date but seeking to avoid addressing the deposition at all.

The Ninth Circuit cases that Cammack cites in support of its claim of insufficient notice all requested much more burdensome discovery than Plaintiffs seek. In *Holloway v. 3M Co.*, No. 19-708, 2019 U.S. Dist. LEXIS 222001 (C.D. Cal. 2019), the notice included 33 matters for examination to be answered regarding eight facilities and 1,900 employees. *Id.* at *74. In *Kilby v. CVS Pharm., Inc.*, No. 09-2051, 2017 U.S. Dist. LEXIS 63502 (S.D. Cal. 2017), the notice contained at least 42 topics, four of which alone required the deponent to interview 331 current and former employees, 56 store managers and examine hundreds of personnel files and emails. *Id.* at *3–7. In *Coury v. Air & Liquid Sys. Corp.*, No. 17-1240, 2019 U.S. Dist. LEXIS 247134 (D. Or. 2019), the notice asked the deponent to provide information on all commercial marine boilers the deponent constructed since 1942. *Id.* at *12–13. In contrast, the notice at issue here involves eight narrow topics, all of which involve information that Cammack is required by law to maintain in its records.

Cammack's "memory contest" cases only concern the limits of the deponent's duty to prepare for the deposition, do not hold that information in corporate records are not appropriate topics for corporate representative depositions, and authorize corporate representative depositions on similar topics to those in the notice here. *Blackrock Allocation Target Shares Series S Portfolio v. Wells Fargo Bank, NA*, 2017 U.S. Dist. LEXIS 133373, *147 (S.D.N.Y. Apr. 27, 2017) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, No. 94-1942, 1995 U.S. Dist. LEXIS 17187 (S.D.N.Y. Nov. 17, 1995) ("While Rule 30(b)(6) 'is not designed to be a memory contest[,]' the deponents must be both knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization.")); *Molgora v. Sharinn & Lipshie, P.C.*, No. 17-3766, 2018 U.S. Dist. LEXIS 19838, *4 (S.D.N.Y. Feb. 6, 2018) ("A Rule 30(b)(6) deposition is not a memory contest, and to comply with this Order, S&L should prepare its witness to testify to the types of complaints, the number of complaints in such categories, and generally how S&L responds to such allegations."); *Dealer Computer Servs. v. Curry*, No. 12-3457, 2013 U.S. Dist. LEXIS 18315, *8 (S.D.N.Y. Feb. 7, 2013) ("Plaintiff may ask questions about the organizational structure of the corporate Defendants, but the 30(b)(6) witness is not expected to commit to memory the names of every officer, director, and employee who worked at any corporate defendant (or its predecessor or successor-in-interest) from 2005-2012.")

For all these reasons, the Court should deny Cammack's request and order the corporate representative deposition to proceed forward.

Respectfully submitted,

*/s/ Joel D. Rohlf*
Joel D. Rohlf