**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DR. ALAN SACERDOTE, et al.,

                      Plaintiffs,                  17-CV-8834 (AT) (VF)

         -against-                             **ORDER**

NEW YORK UNIVERSITY SCHOOL OF MEDICINE,
et al.,
                      Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

On February 6, 2024, Plaintiffs issued a notice of deposition under Federal Rule of Civil Procedure 30(b)(6) to Defendant Cammack LaRhette Advisors, LLC. See ECF No. 270-1. Defendant subsequently requested a pre-motion discovery conference, objecting to the deposition notice. See ECF Nos. 270, 275. Defendant opposed Plaintiffs' request and sought an order directing that the Rule 30(b)(6) deposition move forward. See ECF No. 274. The Court held a conference on March 5, 2024, and the parties subsequently submitted additional letter briefs. See ECF Nos. 283-286.

Defendant objects to Topics 3-6, 8 of the deposition notice (see ECF No. 270-1 at 3-4) on the grounds that Plaintiffs impermissibly seek pre-judgment discovery into Defendant's finances and assets for purposes of assessing Defendant's ability to pay a judgment in this case. See ECF No. 283, 285. As Defendant points out, courts routinely deny pre-judgment discovery concerning a party's assets, unless such discovery is relevant to a claim in the case. See, e.g., Vincent v. Money Store, No. 11-CV-7685 (JGK), 2012 WL 6622707, at *1 (S.D.N.Y. Dec. 20, 2012) (citing cases indicating that pre-judgment discovery regarding a party's financial condition or ability to satisfy a judgment is not permitted because such discovery is not relevant to the party's

claims or defenses); Telebrands Corp v. HM Imp. USA Corp., No. 09-CV-3492 (ENV), 2010 WL 814205, at *1-2 (E.D.N.Y. Mar. 3, 2010).

Plaintiffs have not shown that the discovery it seeks is relevant to a claim in the case. Plaintiffs argue that discovery of Defendant's assets and financial condition is relevant to successor liability of the owners or purchasers of Defendant (see ECF No. 284 at 2-3), but there is no present claim in the case involving a successor to Defendant. The discovery sought, to the extent it concerns successor liability, is discovery pertaining to entities that are not parties to the current lawsuit and thus does not relate to an element of a claim in this action. And to the extent Defendant seeks information pertaining to Defendant's dissolution during the litigation, Plaintiffs have not shown "good cause for the extraordinary remedy of pre-judgment discovery of assets," particularly because, as in Vincent, Defendant here has disclosed the existence of an insurance policy. Id., 2012 WL 6622707, at *1.

Accordingly, Defendant's request for an order disallowing Plaintiffs' Rule 30(b)(6) deposition is **GRANTED**. However, Defendants are directed to treat Topics 1 and 2 in the deposition notice (see ECF No. 270-1 at 3) as interrogatories to which they are to provide written responses by no later than May 17, 2024.

**SO ORDERED.**

DATED:   New York, New York
         April 17, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge