UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. ALAN SACERDOTE, DR. HERBERT SAMUELS, MARK CRISPIN MILLER, MARIE E. MONACO, DR. SHULAMITH LALA STRAUSSNER, and JAMES B. BROWN, individually and as representatives of a class of participants and beneficiaries on behalf of the NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration and the New York University Retirement Plan for Members of the Faculty, Professional Research Staff and Administration,

Plaintiffs,

-against-

CAMMACK LARHETTE ADVISORS, LLC,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/18/2025_____

17 Civ. 8834 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, New York University ("NYU") professors and participants in NYU's retirement plans (the "Plans"), bring this action against Defendant, Cammack Larhette Advisors, LLC ("Cammack"), under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* *See generally* Am. Compl., ECF No. 105. Plaintiffs allege that Cammack, which provided NYU with investment advice as to the Plans, breached its fiduciary and co-fiduciary duties of loyalty and prudence by recommending that the Plans include expensive, underperforming investment options and investment options "tainted by the . . . financial interest" of TIAA-CREF and Vanguard, the Plans' recordkeepers. *Id.* ¶¶ 90, 318–39.

In November 2024, the Court granted in part and denied in part Cammack's motion for judgment on the pleadings, holding that certain portions of Plaintiffs' claims could proceed. *See generally* Order, ECF No. 304. Cammack moves for reconsideration of one aspect of the Court's order: the Court's decision not to dismiss the claim that Cammack breached its co-fiduciary duties when it offered advice that caused NYU to allow TIAA-CREF to cross-sell its own products and services to plan participants using participant data (the "Cross-Selling Claim"). ECF No. 305; *see* Am. Compl. ¶¶ 334–36; Order at 12–14.

Local Civil Rule 6.3 governs motions for reconsideration. *See Sjunde AP-Fonden v. Gen. Elec. Co.*, 722 F. Supp. 3d 347, 351 (S.D.N.Y. 2024). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . .

motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up) (citations omitted).

Cammack points out, and the Court agrees, that the Cross-Selling Claim is a derivative claim that cannot survive absent the existence of a "viable" underlying claim for breach of fiduciary duty by NYU. Def. Mem. at 3–4, ECF No. 306; *see also* Order at 11–12. According to Cammack, because Plaintiffs never brought a cross-selling claim against NYU, and because the Court already dismissed the cross-selling claim Plaintiffs did bring against a group of NYU-affiliated entities as part of its larger conclusion that the suit was duplicative of Plaintiffs' earlier action against NYU, there exists no "viable" underlying claim that would allow the imposition of liability on Cammack. *See* Def. Mem. at 3–4; *Sacerdote v. N.Y.U. Sch. of Med.*, No. 17 Civ. 8834, 2018 WL 1054573, at *4 (S.D.N.Y. Feb. 23, 2018).

The issue turns on the definition of the word "viable." Cammack contends that an underlying claim is "viable" only if it has already been vindicated or is "currently pending." Def. Mem. at 2. The Court disagrees. As Plaintiffs explain, a "viable" claim is best interpreted here as a claim that has not already been foreclosed on the merits. *See* Pl. Mem. at 4–6, ECF No. 307. Cammack cites no law to the contrary. Here, because all the claims against the NYU-affiliated entities, including a cross-selling claim, were dismissed as duplicative, in other words, on a procedural basis, the underlying cross-selling claim remains viable. *Cf. Trireme Energy Dev., LLC v. RWE Renewables Ams., LLC*, No. 22 Civ. 7439, 2023 WL 5469662, at *9 (S.D.N.Y. Aug. 24, 2023) (citing law that distinguishes between resolving a case on claim-splitting grounds and resolving a case on the merits); *Sarikaputar v. Veratip Corp.*, No. 19 Civ. 11168, 2021 WL 3914064, at *3 n.5 (S.D.N.Y. Aug. 21, 2021) (describing claim-splitting as a "prudential matter of docket management" (citation omitted)); *Marciniak v. Mass. Inst. of Tech.*, No. 23 Civ. 10305, 2024 WL 4350872, at *8 (S.D.N.Y. Sept. 29, 2024) (explaining that the "rule against duplicative litigation" is a different name for the "rule against claim splitting").

Accordingly, Cammack's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 305.

SO ORDERED.

Dated: February 18, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge