**Schlichter Bogard**

100 South 4th Street, Suite 1200  
St. Louis, MO 63102

314.621.6115

Jerome J. Schlichter

jschlichter@uselaws.com

June 9, 2025

**VIA ECF**

The Honorable Analisa Torres  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007-1312

> Re: **Pre-Motion Letter Requesting Leave to File Motion to Substitute CAPTRUST for Cammack as Successor/De Facto Merger Under Federal Rule of Civil Procedure 25(c)**  
> *Sacerdote v. Cammack LaRhette Advisors, LLC*, **No. 17-8834-AT-VF**

To The Honorable Analisa Torres:

Pursuant to Rule III.A of the Court's Individual Practices, Plaintiffs respectfully submit this pre-motion letter seeking leave to file a motion under Rule 25(c) of the Federal Rules of Civil Procedure to join of CapFinancial Partners, LLC d/b/a CAPTRUST ("CAPTRUST") because CAPTRUST is Cammack LaRhette Advisors, LLC's ("Cammack") successor under either: (1) the doctrine of successor liability, repeatedly recognized in this Circuit; or (2) the de facto merger doctrine under New York and/or Massachusetts law. *Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) ("Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties."). Plaintiffs are filing this motion shortly after the May 23, 2025 deposition of Jeff Levy, former Cammack managing partner and current CAPTRUST principal, who confirmed the continuity of operations and personnel between the two investment advisor entities.

By way of background, this case arises under ERISA and involved claims that Cammack breached fiduciary duties when providing retirement plan advisory services to New York University and various defendants on its retirement plan committees. *See generally*, *Sacerdote v. New York University*, No. 16-6284 (AT) (VF) (S.D.N.Y. filed Aug. 9, 2016). Plaintiffs initially sued Cammack in 2017, but it dissolved in 2021 following an acquisition by CAPTRUST. Plaintiffs learned through recent depositions that CAPTRUST had acquired all of Cammack's assets in 2021, retained its retirement plan clients, absorbed its employees (including principals, such as Levy), and continued Cammack's business operations under the CAPTRUST name.

Mr. Levy's deposition and public-regulatory filings, of which this Court can take judicial notice, prove that CAPTRUST is a successor to Cammack and may be held liable for its fiduciary breaches under ERISA under either of the following two applicable theories:

Schlichter
Bogard

Page 2

**Successor Liability**: Under the Second Circuit's recent precedential decision in *New York State Teamsters v. C&S Wholesale Grocers*, 24 F.4th 163 (2d Cir. 2022), successor liability applies where there is "(1) a successor must have notice of its predecessor's liability, and (2) there must be a 'substantial continuity of identity in the business enterprise.'" *Id.* at 176–77 (quoting, for a lengthier recitation of the second factor, *Fall River Dyeing*, 482 U.S. 27, 43 (1987)). The factors of substantial continuity of identity include whether "the business of both employers is essentially the same; whether the employees of the new company are doing the same jobs in the same working conditions under the same supervisors; and whether the new entity has the same production process, produces the same products, and basically has the same body of customers." *Id.*

CAPTRUST's acquisition of Cammack satisfies both prongs. For the first prong, CAPTRUST had notice of Cammack's liability because this lawsuit was already on file at the time of the acquisition. Jan Rezler (former Cammack Vice President of client consulting and now CAPTRUST advisor) and Mr. Levy on May 23 admitted on the record that much of Cammack's personnel, operations and clients were simply taken over by CAPTRUST. This testimony and other admissible facts establish the second prong of the analysis. *See, e.g., Salazar v. Bija 203 Inc.*, No. 21-11028 (PAC), 2023 U.S. Dist. LEXIS 171526, at *22–23 (S.D.N.Y. Sept. 26, 2023) (noting that the new company "used the same methods of production to sell the same product" and "used the same workforce" in its early stages (internal quotation marks omitted); *Bd. of Trustees of Local Union No. 373 v. Mid Orange Mech. Corp.*, No. 17-2669 (NSR), 2024 U.S. Dist. LEXIS 88599, at *15–17 (S.D.N.Y. May 16, 2024) (noting the new company drew the majority of its total revenue from "customers that had previously been customers of [the predecessor] company]," "purchased from [the predecessor company] tools, equipment, a pickup truck, and three vans," and hired "eight of [the predecessor company's] nine employees").

**De Facto Merger Doctrine**: Even if this Court were to apply state corporate law, CAPTRUST qualifies as a successor of Cammack under the de facto merger doctrine. "At common law, the hallmarks of a de facto merger include: (1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation." *New York v. Nat'l Serv. Indus.*, 460 F.3d 201, 209 (2d Cir. 2006); *Milliken & Co. v. Duro Textiles, LLC*, 451 Mass. 547, 557, 887 N.E.2d 244, 255 (2008) (similar elements). Cammack, a Massachusetts limited liability company, was again taken over by CAPTRUST:

- Most of the owners of Cammack received an ownership interest in CAPTRUST
- Cammack employees and leadership largely became those of CAPTRUST
- Cammack was formally dissolved in October 2021 (the same year as the merger)
- CAPTRUST took on Cammack's investment advisory work and agreements
- Cammack's clients became those of CAPTRUST, seemingly without interruption
- CAPTRUST assumed the liabilities necessary to run Cammack's business

**Schlichter Bogard**

Accordingly, Plaintiffs request leave to brief this motion under Rule 25(c) of the Federal Rules of Civil Procedure, which authorizes joinder where interests are transferred, as occurred here.[1] Courts have regularly applied Rule 25(c) to enforce judgments against successors, even post-judgment, so this motion is timely. *Arnold Graphics Industries, Inc. v. Independent Agent Center, Inc.*, 775 F.2d 38, 40 (2nd Cir. 1985) (affirming substitution of successor after entry of judgment); *Learning Annex Holdings, LLC v. Rich Glob., LLC*, No. 09-4432 (SAS), 2011 U.S. Dist. LEXIS 86003, at *4 (S.D.N.Y. Aug. 3, 2011) ("Although substitution [or joinder] usually is effected during the course of litigation, substitution is appropriate even after final judgment or on appeal if the transfer of interest took place after the case was filed.") (citation omitted); *see also Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc.*, 775 F.2d 38 (2d Cir. 1985) (substituting a party as a successor in interest under de facto merger doctrine after award of judgment against original party).

**MEMO ENDORSED**

/s/ *Hon. Valerie Figueredo*
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: 6/13/2025

Plaintiffs' request for leave to file a motion under Rule 25(c) is hereby GRANTED.

Plaintiffs are directed to file the motion by **July 14, 2025.** Defendants' response is due **August 4, 2025.** Plaintiffs' reply, if any, is due **August 18, 2025.**

Respectfully Submitted,

/s/ Jerome J. Schlichter
SCHLICHTER BOGARD LLC
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter*
Kurt Struckhoff*
Joel D. Rohlf*
Chen Kasher, Bar No. 5070016
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
aschlichter@uselaws.com
jschlichter@uselaws.com
kschlichter@uselaws.com
jrohlf@uselaws.com
ckasher@uselaws.com
*admitted pro hac vice
*Attorneys for Plaintiffs*

---

[1] As required by Rule 25(c), Plaintiffs will also serve the motion, once filed, in compliance with Rule 25(a)(3).