# SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

December 24, 2025

**Via ECF**

The Honorable Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:    *Sacerdote v. Cammack LaRhette Advisors, LLC*, No. 17-8834-AT-VF

Dear Judge Figueredo:

We write on behalf of non-party CapFinancial Group, LLC ("CAPTRUST") in light of the Court's Order (Dkt. 344) denying without prejudice Plaintiffs' letter motion to seal certain exhibits (Dkt. 323), and to ask the Court to maintain one CAPTRUST document under seal.

Plaintiffs' letter motion asked the Court to seal six exhibits (Exhibits 7 and 9–13) at the request of Defendants Cammack LaRhette Advisors and NYU. The letter motion cited no case law and did not explain why the documents met the standards for sealing. Dkt. 323. The Court denied the request without prejudice, and directed parties seeking to maintain the exhibits under seal to file a renewed request "explaining why the interest in sealing outweighs the strong presumption in favor of public access" under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d (2d Cir. 2006). Dkt. 344.

CAPTRUST takes no position on whether Exhibits 7, 9–11, and 13 should remain sealed. However, Exhibit 12 (Dkt. 327-5) is an investment review deck CAPTRUST provided to the NYU Retirement Plan Administration Committee, and it meets the standard for sealing. Under *Lugosch*, a court considering a sealing request must first assess whether the materials at issue constitute "judicial documents," meaning they are "relevant to the performance of the judicial function and useful in the judicial process." 435 F.3d at 119. If the materials are "judicial documents," then they may be sealed if the court determines that the "presumption of access" embedded within the First Amendment and the common law is overcome by "countervailing factors." *Id.* at 119–20.

The CAPTRUST investment review deck at Exhibit 12 was cited just once in the briefing on Plaintiffs' Motion to Join CapFinancial Group, LLC, and only in passing. *See* Dkt. 328 at 4. It is neither necessary nor helpful to resolving the issues presented in Plaintiffs' motion. Even if it is nevertheless a "judicial document," it should be sealed because it contains CAPTRUST's confidential and proprietary information. CAPTRUST provides investment advisory services, and Exhibit 12 consists of a detailed 59-page document reflecting methods that CAPTRUST

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

December 24, 2025
Page 2 of 2

used to evaluate investment options for the NYU Retirement Plan Administration Committee, as well as information generated by those methods. CAPTRUST prepared the document solely for the NYU Committee, and the face of the document explains that it shows CAPTRUST's "investment scorecard," which is "an illustration of [CAPTRUST's] monitoring system" for investment options and "is designed to assist [CAPTRUST's] clients in their efforts to provide fiduciary oversight to investment assets." *E.g.*, Dkt. 327-5 at 4. That monitoring system is confidential and proprietary, and its disclosure would harm CAPTRUST by allowing competitors and plan sponsors to gain the benefits of that system without paying for it.

The proprietary, competitive, and confidential nature of the information in Exhibit 12 is a "countervailing factor[]" that weighs strongly against the presumption of public access. *Lugosch*, 435 F.3d at 126; *see also, e.g.*, *Tropical Sails Corp. v. Yext, Inc.,* 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) ("Internal documents … that contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(G)."). For similar reasons, in an ERISA case in this District involving another university, the court previously sealed a similar CAPTRUST investment review deck. *See Cunningham v. Cornell Univ.*, No. 16-cv-6525-PKC-JLC, ECF No. 220 (S.D.N.Y. Jan. 22, 2019) (granting request to seal exhibit reflecting investment advice CAPTRUST gave to the Cornell Retirement Plan Oversight Committee).

CAPTRUST thus respectfully requests that the Court maintain Plaintiffs' Exhibit 12 (Dkt. 327-5) under seal, and takes no position as to the remaining exhibits.

Respectfully submitted,

/s/ *Francesca E. Brody*
Francesca E. Brody

cc:    Counsel of record (via ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: December 29, 2025**

Based on the standard set forth in Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006) and on the grounds that the document contains proprietary, competitive, and confidential information, the letter motion to seal ECF No. 327-5 is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 353. The Clerk of Court is further directed to maintain the viewing restrictions for ECF No. 327-5.